---
Emery *v.* Chase.
---

*New trial granted.*

---

## EMERY *vs.* CHASE.

By a grant of land by deed of bargain and sale, "reserving" to the grantor "the improvement of the one half of the premises, with necessary wood for family use, during his own natural life, and the life of his wife *H. E.*"—it was held that the estate passed, one moiety to the use of the grantee and his heirs in fee, and the other moiety to the use of the grantor and his wife for their lives, and the life of the survivor of them, with remainder in fee to the grantee and his heirs.

Where, in a deed, a valuable consideration is expressed to have been paid, parol evidence is not admissible to prove another and different consideration intended, or promised and not performed.

THIS case, which was a writ of entry, came before the court upon a statement of the following facts agreed by the parties.

One *Joshua Emery*, the husband of the demandant, and now deceased, in his lifetime conveyed the demanded premises, being nearly

Emery *v.* Chase.

all his estate, to the tenant, by a deed in the usual form, with general warranty, containing this reservation ;—" reserving the improvement of one half of said premises, with necessary wood for family use, during my natural life, and the life of my wife *Hannah Emery.*" This deed was signed by the wife also, in token of her relinquishment of her right of dower in the premises.

If parol testimony was admissible, the demandant would prove that, at the time the deed was executed, the tenant verbally engaged to pay the grantor's debts, amounting to 800 or 1000 dollars; that he at the same time took a conveyance of all the personal property of the grantor; that all the property thus conveyed was worth 3000 dollars; that this was nearly all the grantor possessed; that the tenant was his son-in law; that the demandant refused to sign a release of her right of dower, unless provision was made for her support; and that no other consideration was paid for either of the conveyances, than is above expressed.

*J. Holmes* and *J. Shepley,* for the demandant, contended that the reservation was to the grantor for life, and in trust for the wife during her life; in which case the trust was commensurate with the use, and vested in his heirs during her life. The *Stat.* 27. *Hen.* 8. *cap.* 10, executes the trust to the use, and thus the wife is in of an estate for life, in jointenancy. *Nowell v. Wheeler* 7. *Mass.* 189. *Shapleigh v. Pilsbury* 1. *Greenl.* 271. The release of her right of dower was a sufficient consideration to support this reservation in her favor. For by our law she may do, what ordinarily cannot be done, by releasing a contingent right. And if she is capable to make the release, she must of necessity be capable of receiving, to her own use, the consideration paid for it. Here she has only given up one contingent interest, in exchange for another; and by the common law of the country, she is capable of taking any reservation to herself, as a consideration of her release of dower. *Fowler v. Shearer* 4. *Mass.* 14.

Had the reservation been by release from the tenant to the demandant and her husband, during their lives, he would have been estopped by his deed. And the case here is in principle the same;

for where a deed secures the mutual rights of both parties, the party who accepts and records it is bound, as far as he who signs and seals.

As to the parol testimony, it was at least admissible to shew the situation of the family, and the value of the estate at the time of the conveyance. *Fowler v. Bigelow* 10. *Mass.* 384. *Leland v. Stone* 10. *Mass.* 461.

*D. Goodenow,* for the tenant, resisted the admissibility of the parol testimony, on the established principle that it could not be received to affect a deed which was free, like the deed here, from any latent ambiguity.

He contended that the reservation in the deed did not even purport to be for the use of the wife The words " and the life of my wife," can amount to nothing more than a limitation of the husband's estate. Resulting or implied uses can never arise but to the original owner of the land. *Storer v. Batson* 8. *Mass.* 436. Even if the land be bought with the money of another, no use results to him to whom the money belonged. *Jenny v. Alden* 12. *Mass.* 375.

It is therefore of no avail that the wife relinquished her right of dower ; since this is of no higher value than the payment of money. Nor is the case better by her release being in the same deed with her husband's conveyance. To this conveyance, legally speaking, she is a stranger ; and a reservation or exception in favor of a stranger is void. *Co. Lit.* 470. 4. *Cruise* 46.

The reservation itself is also void, being of a residuary part of an estate, after a grant of the whole in fee. 2. *Bl. Com.* 164. *Plowd.* 152. 3. *Bac. Abr.* 383. *tit. Grant. Thompson v Gregory* 4. *Johns.* 81. But if any thing remains, after the death of the grantor, it is to his heirs, or family, and not to his wife.

WESTON J. delivered the opinion of the Court.

In regard to the question whether parol testimony could be received in this case, we are very clear that it is inadmissible. There is no latent ambiguity in the deed ; and its effect must be determined by the legal construction of the terms used.

Emery *v.* Chase.

That *Joshua Emery*, from whom the estate passed in that deed, intended a benefit to his wife, the demandant in this action, is sufficiently apparent. Whether she has any remedy at law, and if any, whether in the mode now pursued, will depend upon the legal operation of the deed. The land is conveyed "reserving" the improvement of one half the premises, during the natural life of the said *Joshua*, and the life of *Hannah*, his wife. Although this term is used, it is clearly not technically a reservation; for that is of a thing not *in esse*, but newly created or reserved out of the lands or tenements conveyed. *Co. Lit.* 47. *a.*

There is another objection to its being regarded as a reservation; for that can be for the benefit of him only from whom the estate passed, which was the husband. If holden to be an exception, it could not avail the demandant; for the estate excepted is unaffected by the deed; it could therefore pass no interest therein to the wife. The conveyance is in form a deed of bargain and sale, founded as such deeds must be, upon a pecuniary consideration. A deed of bargain and sale derives its validity from the statute of uses; a use being thereby raised to the bargainee, which the statute executes. But as by the settled construction of that statute, a use cannot be limited upon a use, the bargainee cannot take to the use of another; the statute executing the use in the bargainee only. Equity enforces as a trust the second use, which the statute does not execute; and in such cases a remedy may be afforded by a bill in equity, under the chancery powers of this court; but not by any process known to the common law, by which such use is holden to be a nullity.

The deed might operate as a covenant to stand seised to uses; but it is not founded upon the consideration of blood or marriage, which is deemed essential in this species of conveyance. And although deeds upon other considerations have been sometimes called covenants to stand seised, and have used the language peculiar to such instruments, yet their legal operation has been as deeds of bargain and sale, as they were found to possess the requisites which belong to this kind of assurance. *Welch v. Foster* 12. *Mass.* 93.

A deed of land may in this State be considered as any species of conveyance, not plainly repugnant to its terms, and necessary to give effect to the intent of the parties. Thus, to this end, an instrument in

Emery *v.* Chase.

the form of a deed of bargain and sale, has been held to be a feoffment.　*Thatcher v. Gill,* cited in 6. *Mass.* 32.　A feoffee may take to the use of another.　A feoffment may be made to all manner of uses; and whether they be future, contingent, shifting or resulting, the statute executes them as they arise.　2. *Bl. Com.* 334.　1. *Cruise,* 441.

If we regard the instrument before us as a feoffment, a question arises, to what uses?　From an inspection of the deed it is impossible to doubt that the parties intended that the use of one half of the premises should be to the husband and wife during their lives.　It is true, that in the *habendum* the granted premises are to the said *Jonathan Chase,* his heirs and assigns, " to his and their only proper use and benefit forever."　If this be considered as determining and appointing the uses of the whole estate, it is clearly repugnant to the intention and limitation expressed in the former part of the deed.　It was most manifestly intended that the use, benefit, and enjoyment of one half of the premises should not accrue to the grantee and his heirs, until after the death of the grantor and his wife.　The uses in the *habendum* must therefore, to give effect to the intention of the parties, be held to be qualified by the uses before appointed.　The *habendum* cannot defeat or destroy an estate granted in the premises; so far as the former is repugnant to the latter, it is inoperative and void.　3. *Com. Dig. Fait E.* 10.　Taking the whole instrument together, it is apparent that it was the intention of the grantor, that the estate should pass, one moiety to the use of the grantee and his heirs in fee, and the other moiety to the use of the grantor and his wife for their lives, and the life of the survivor of them, with remainder in fee to the grantee and his heirs.　Had these uses been declared formally and technically, the statute would have executed them, according to the intention of the grantor.　There is in this deed a want of accuracy and legal precision in the language used, but as the intention is plain, and the uses manifest, we are of opinion that they may be regarded as executed by the statute, without violating legal principles.

*Defendant defaulted.*